**BROWNING et al. v. PASCHAL et ux.**
**(No. 3732.)**

Court of Civil Appeals of Texas. Texarkana.
Dec. 26, 1929.

Rehearing Denied Jan. 2, 1930.

W. D. Suiter and M. D. Carlock, both of Winnsboro, and Lewis Rogers, of Houston, for appellants.

Jones & Jones, of Minneola, for appellees.

WILLSON, C. J. The suit was by appellees, J. S. Paschal and his wife, D. C. Paschal, as plaintiffs against appellants, I. W. Browning and the Federal Land Bank of Houston, Tex., as defendants. It was to try the title to 40 acres of land, a part of the J. B. Cherino survey in Wood county.

It appeared from evidence heard at the trial that appellees (husband and wife, as before stated) became the owners of the land October 8, 1901, and ever afterward to and including December 6, 1921, when it was levied on by virtue of writs of attachment issued out of the county court of Wood county in suits brought against appellee J. S. Paschal by the Merchants' & Planters' Bank of Winnsboro, claimed same as a part of their rural homestead. The land was sold by virtue of executions issued on judgments against said appellee J. S. Paschal in said suits, and by a deed made by the sheriff April 4, 1922, was conveyed to said Merchants' & Planters' Bank, the purchaser at the sale, which conveyed it by a deed dated April 27, 1923, to appellant Browning, who on April 29, 1924, mortgaged it to said Federal Land Bank to secure indebtedness he owed it. Said appellant Browning and the appellant Land Bank controverted appellees' claim, insisting that the land was not a part of the latter's homestead when levied upon, and the trial court submitted to the jury an issue as to whether it was or not. The jury having found that it was, said court rendered judgment in appellees' favor. Appellants insisted in the court below that there was no evidence warranting such a finding, and they insist here that said court therefore erred when he refused their request that he instruct the jury to return a verdict in their favor.

It appeared from the testimony of appellees as witnesses that, at the time the 40 acres was levied upon as stated, they resided upon a tract of 107 acres, and that they claimed that tract, the 40 acres in controversy here, situated about a mile northwest of the 107 acres, and a tract of 42½ acres, situated about one-half of a mile south of the 107 acres, together constituted their homestead. Appellee J. S. Paschal testified that he fenced the 40 acres "right away after" he bought same in 1901, and that he had "used the land for a pasture all the time"; that he pastured his work stock, horses, and milch cows on it. Said appellee's wife, the other appellee here,

testified: "We didn't use this 40 acres for anything only for a cattle pasture. We did use it for that. We have been using it for that just about ever since we have owned it."

We think the jury had a right to conclude that in pasturing work stock and milch cows thereon appellees were using the 40 acres "for the purposes of a home" within the meaning of the Constitution (section 51 of article 16), and that the trial court therefore did not err when he refused to instruct the jury as requested by appellants. Axer v. Bassett, 63 Tex. 545; Brown v. Moore (Tex. Civ. App.) 64 S. W. 781; Speer's Law of Marital Rights in Texas, § 396. In the case first cited above, it was distinctly held that use of land to pasture domestic animals on "would prima facie make it a part of the homestead."

Appellant Browning requested the court to instruct the jury "that (quoting) to constitute a parcel of land detached from that on which the party claiming resides, a part of the homestead, it must be used in connection with the homestead on which the party resides in such manner as to give notice to the public of such claim and for the purpose of supporting and maintaining the family and for purposes incident to the homestead, even though the party does not own 200 acres of land at the time," and he and the other appellant insist here that the refusal of the request was error entitling them to a reversal of the judgment. The contention is without merit. So far as the refused instruction was a correct statement of the applicable law, it was covered by a charge the court gave, as follows: "The homestead of a family not in a town or city shall consist of not more than 200 acres, which may be in one or more parcels, with the improvements thereon. To impress property with homestead character it must be used for home purposes, with the intention that it be the home. When separate tracts or parcels are claimed as homestead it is not necessary that the several tracts join, but each must be used for homestead purposes under claim of homestead. When the residence or dwelling is upon one tract or parcel the other must be used for some purpose beneficial to and related by use with the enjoyment of the home tract, and when so used and for that purpose it is a part of the homestead. If not so used it constitutes no part thereof."

The contention that the trial court erred "in failing (quoting) to instruct the jury that plaintiff by designating a homestead on other land than the land in question, which homestead as designated included the land on which plaintiff resided, and by dealing with the land in question in such manner as to indicate that it was not a part of their homestead, were thereby estopped from now claiming the land in question as a part of their

homestead," is overruled. We do not think an issue as to estoppel on the part of appellees to claim, as against appellants, the 40 acres as homestead, was made by the pleadings and the evidence (Speer's Law of Marital Rights in Texas, §§ 239, 241, 242, 424), but, if one was so made, certainly the existence of the estoppel was not conclusively established by the evidence, and appellants neither objected to the charge given on the ground of such failure nor requested the court to submit such an issue to the jury. Articles 2185 and 2190, R. S. 1925; 3 Tex. Jur. §§ 135 and 137 et seq. What has just been said applies as well to the contention made that the court erred in failing to instruct the jury that appellees were guilty of laches which deprived them of a right to recover as against the appellant land bank.

As we view the record, neither of the appellants is entitled to have the judgment reversed for any of the reasons urged by them. Therefore it is affirmed.